**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARENDI S.A.R.L., | |
| Plaintiff, | C.A. No. 12-1595-LPS |
| v. | **Original Version Filed: October 1, 2020** |
| LG ELECTRONICS, INC., et al., | **Public Version Filed: October 8, 2020** |
| Defendants. | |

<u>**LETTER TO THE HONORABLE LEONARD P. STARK IN RESPONSE TO LG'S**</u>
<u>**MOTION TO STRIKE ARENDI'S NEW INFRINGEMENT CONTENTIONS**</u>

*Of Counsel:*

SUSMAN GODFREY, LLP
Seth Ard
Beatrice Franklin
Max Straus
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
sard@susmangodfrey.com
bfranklin@susmangodfrey.com
mstraus@susmangodfrey.com

John Lahad
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
(713) 651-9366
jlahad@susmangodfrey.com

Kemper Diehl
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
(206) 516-3880
kdiehl@susmangodfrey.com

Dated:  October 1, 2020

SMITH, KATZENSTEIN & JENKINS LLP
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Plaintiff Arendi S.A.R.L.*

Dear Chief Judge Stark:

Plaintiff Arendi S.A.R.L. ("Arendi") submits this response to LG's attempt to strike portions of Arendi's expert's report. LG's claims of surprise and prejudice are nothing more than a contrived attempt to limit Arendi's case and reduce LG's infringement liability. LG was aware of and provided discovery about all representative products without objection. Indeed, LG itself created the table of representative products that the parties used in discovery and during depositions *after* LG allegedly warned Arendi that it was expecting updated infringement contentions. Had LG genuinely expected infringement contentions covering each of the representative products, it would have (and should have) raised the issue shortly after the close of discovery in December 2019. Instead, LG waited for *nine months* to ambush Arendi with this complaint.

I.    Background

      A.    Arendi's Infringement Contentions

In November 2018, Arendi identified the LG products accused of infringing the '843 Patent, in accordance with Rule 4(a) of the Court's Default Standard for Discovery. *See* Exhibit 1. Arendi's Rule 4(a) disclosure listed hundreds of Android devices because of the variation of model numbers and branding. On February 13, 2019, Arendi served its infringement contentions describing how those products infringe the asserted claims of the '843 Patent. *See* Exhibit 2. Arendi provided LG with multiple claim charts, one of which included screenshots from the Rebel 4 and described infringement for "[t]he Accused Products incorporating Android OS versions 5.x and later." Additional claim charts served prior to the stay similarly charted devices running prior versions of Android. Arendi further noted: "The claim charts describe in text the full possible scope of the Accused Products' infringement and, in the screenshots and captions, highlight certain functionality of exemplary Accused Products ("Exemplary Product(s)"). Unless otherwise noted, the Accused Products infringe in the same manner or substantially the same manner as the Exemplary Product(s)." *Id*. Arendi added, "Based on Arendi's investigation and upon information and belief, Accused Devices running various versions of such software infringe the asserted claims in the same or substantially the same manner." *Id*. The scheduling order in this case does not contemplate "final" contentions. D.I. 88.

      B.    The Parties' Representative Products Agreement

In April 2019, LG complained that it "understood" Arendi's case to be limited to one product, the Rebel 4 because that was, according to LG, the one product charted—despite Arendi's Rule 4(a) disclosure and the statements regarding exemplary products in Arendi's contentions. LG contends that Arendi did not respond. That is incorrect. Based on LG's April 2019 letter and similar comments by LG during an August 15, 2019 teleconference, Arendi raised the prospect of representative products. In the fall of 2019, the parties stipulated to certain discovery parameters, including to a set of representative products as follows: "LG and Arendi will agree to a small number of products (e.g., roughly 4-10 depending on accused features) that will be treated as representative across all Accused Products *for purposes of infringement*. ... LG will agree to provide discovery and source code for these representative products." *See* Exhibit 3 (Sept. 23,

2019 email) (emphasis added). LG prepared a spreadsheet of representative products and represented products in accordance with the agreement. Exhibit 4. Notably, nothing in the parties' agreement or surrounding correspondence says anything about updated contentions.

LG argues that in October 2019, LG reminded Arendi that it was expecting updated infringement contentions. But LG never said this. Rather, LG objected to an interrogatory about the differences between the Accused Products. Specifically, Arendi's Interrogatory No. 13 asked, "Identify all differences that You contend are material with respect to Arendi's infringement contentions between each of Your Accused Products or versions of those Accused Products." Exhibit 5 at 12-15. LG objected to Interrogatory 13 as "*irrelevant in view of the Parties' agreement regarding representative products*." *Id.* at 13. LG added that it had "already identified representative products in an email to Arendi on October 11, 2019 and provided a spreadsheet of corresponding represented products." *Id.* LG also stated that "the information in this Interrogatory is more properly the subject of expert testimony, LG incorporates by reference and refers Arendi to any forthcoming expert report(s) on this topic." *Id.* at 15.

C.      LG Participates in Discovery Related to the Representative Products

The parties conducted discovery based on the agreed representative products and the spreadsheet that LG prepared. LG produced source code for the representative products on October 21, 2019. Exhibit 6. On November 21 and 22, 2019, Arendi deposed LG corporate representative Songsoo Kim, who testified extensively regarding the representative products and the LG-prepared spreadsheet. *See, e.g.*, Exhibit 7 (11/21/19 Kim Dep. Tr.) at 21:14-27:11 (testimony regarding the representative products); Exhibit 8 (11/22/19 Kim Dep. Tr.) at 173:19-196:24 (same). These depositions occurred *after* the purported warnings in LG's response to Interrogatory 13. LG's lawyers did not object to this line of questioning or try to limit the questioning to the Rebel 4. They did not object to questions about other representative products as being outside the scope of the case or claim a lack of infringement contentions or deficient notice. In fact, counsel for LG offered to "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"

D.      Dr. Levy's Report

Arendi served Dr. Levy's report on August 7, 2020. Dr. Levy's report explained infringement of the representative products and did not cite products that had not been the subject of extensive discovery. And contrary to LG's argument, Dr. Levy did not allege any new theories of infringement. LG first raised the current issue with Arendi on September 3, 2020, *nearly one month after it received Dr. Levy's report*.

II.      LG's Motion Should Be Denied

"In determining whether to exclude evidence such as an expert report, the Court may consider: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad

faith or willfulness in not disclosing the evidence (the "*Pennypack* factors")." *Cosmo Techs. Ltd. v. Lupin Ltd.*, No. CV 15-669-LPS, 2017 WL 4063983, at *1 (D. Del. Sept. 14, 2017). The *Pennypack* factors weigh against granting LG's motion.

The information is very important. The evidence is important as it undergirds Dr. Levy's direct infringement opinions about products that LG has known about since November 2018 and itself selected as representative products in October 2019. *See Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. CV 15-379-LPS, 2018 WL 6445548, at *3 (D. Del. Dec. 10, 2018) (factor weighs against striking part of expert report because "the evidence is important, as it relates to Dr. Mirel's direct infringement opinions"); *TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-954-RGA, 2019 WL 4346530, at *3 (D. Del. Sept. 12, 2019) (finding this factor weighed against granting a motion to strike because the evidence was "a crucial piece of the obviousness analysis").

LG wrongly argues that Arendi has not treated its infringement contentions as important. Arendi served fulsome contentions in 2019 that provided significant detail about its infringement theories. LG does not complain that those contentions were deficient, inadequate, or failed to provide notice as to Arendi's infringement theories. Nor does LG contend that Dr. Levy addressed any Representative Product inadequately. Instead, LG's complaints are limited to a feigned and unreasonable "understanding" that, despite Arendi's disclosures, the only product at issue was the Rebel 4. If updated contentions—which would have been duplicative of the original contentions— were necessary for LG to mount its defense, it would not have waited nine months to raise the issue. This factor weighs against granting the motion to strike.

There is no prejudice or surprise to LG. LG cannot claim surprise and LG will not suffer any prejudice. LG agreed to Arendi's proposal that the parties proceed with discovery using representative products "***for purposes of infringement***," created the representative products spreadsheet, and recognized the scope of Arendi's case. LG permitted Arendi to take discovery on the representative products without objection, even after LG purportedly "warned" Arendi that it was expecting contentions for the representative products. Having voluntarily participated in discovery about the representative products, LG is not prejudiced by any discovery or informational disadvantage. Arendi, by contrast, faces extreme prejudice by having the representative products agreement nullified. LG cannot point to any evidence that Arendi agreed to provide contentions for the representative products—because there is none.

Further, LG's rebuttal expert has every opportunity to respond to Dr. Levy's infringement opinions, and LG can depose Dr. Levy on his opinions. These opportunities further negate any claim of prejudice. *See Wi-LAN*, 2018 WL 6445548, at *3 ("Defendants are not prejudiced by the disclosures and have had an opportunity to have their own expert rebut Dr. Mirel's opinions and to have deposed Dr. Mirel."); *Cosmo Techs.*, 2017 WL 4063983, at *2 (denying motion to strike in part because "Defendants' experts have the opportunity to—and did, in fact—respond to Dr. Atwood's naked eye observations in their rebuttal reports" and "the opportunity to depose Dr. Atwood"); *TQ Delta*, 2019 WL 4346530, at *3 ("To the extent that TQ Delta has suffered any prejudice …, it has been able to depose Dr. Wesel on his opinions and has its own expert to respond to these theories."); *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-1577, 2019 WL 5790999, at *5 (S.D. Cal. Sept. 18, 2019) (finding no prejudice because "LG was permitted to prepare and serve a rebuttal expert report" and "permitted to deposed Dr. Lomp").

LG argues that it "repeatedly warned Arendi that if it intended to accuse more products, it must update its charts" and that "[w]hen discovery closed and Arendi had not acted, LG considered the matter closed." D.I. 201 at 3. LG's argument makes no sense. After receiving a Rule 4(a) disclosure identifying hundreds of products, agreeing to a set of representative products as part of a broad resolution of discovery disputes, and providing discovery on those representative products, no reasonable litigant in LG's shoes would have simply shrugged its shoulders and "considered the matter closed." A reasonable litigant acting in good faith would have sent a letter or notice explaining its position shortly after discovery closed. LG elected not to take this eminently reasonable step, and instead decided to draw the facially *unreasonable* inference that dozens of products are no longer within the scope of this case. Worse, LG waited nearly a month after receiving Dr. Levy's report to raise the issue with Arendi.

Rather than provide a credible explanation for its delay, LG accuses Arendi of surprising it with new evidence and infringement allegations. D.I. 201 at 3. The so-called "new evidence" is information retrieved from samples of LG's own representative products that LG was either unwilling or unable to provide. The devices were obtained on the open market and have been made available for LG's inspection. *Cosmo Techs*., 2017 WL 4063983, at *2 (no prejudice because defendants "received image files of photographs that Dr. Atwood took"). LG complains that Dr. Levy provides analysis on additional Android operating systems but does not argue any material novelty in the operating systems for infringement purposes; and, although LG refused to permit **Dr. Levy** to inspect its code for these versions, LG itself produced such code as part of the representative products agreement. LG also complains that Dr. Levy for the first time cites "Content Detectors" in one application, Chrome, on two devices, the Treasure and G Pad. But LG omits that the infringement opinions resemble those for Linkify and SmartText Selection, which LG admits were disclosed.

LG argues that it has suffered "substantial lost opportunities … to shape its litigation strategy in response to Arendi's infringement contentions." D.I. 201 at 3. LG says it could have considered Arendi's contentions as part of its invalidity case or could have developed its non-infringement positions during fact discovery. *Id*. This is pretext. First, LG does not explain how Dr. Levy's opinions affect its invalidity case. LG's invalidity expert, whom it shares with three other defendants, did not hesitate to rely on Arendi's allegedly "overbroad" infringement contentions in her report. *See* Exhibit 9 at ¶¶250, 558, 566. Further, LG and the other defendants served joint invalidity contentions in March 2019. D.I. 98. Since then, this Court has construed disputed claim terms and there has been extensive discovery across the pending cases, and not one defendant, including LG, has attempted to supplement or modify the invalidity contentions.

Second, LG actively participated in fact discovery with respect to the representative products and had (and still has) every opportunity to develop its non-infringement positions. LG's cited cases are distinguishable because they did not involve agreed-upon representative products. This is not a case where a party relies on information unknown to the other and reveals new theories at the expert report stage. Not only did LG know about the representative products, *it selected them* and has the source code for them. And again, LG does not explain how Dr. Levy's opinions change its non-infringement case. This factor weighs against granting the motion to strike. *Wi-LAN*, 2019 WL 5790999, at *5 (finding no prejudice because "LG has failed to specifically articulate any potential prejudice it would suffer").

Any prejudice can be cured. LG participated in discovery and has the information it needs to rebut Dr. Levy's report. Indeed, LG has had a more detailed statement of Arendi's infringement case since August 7, 2020 and has (or had) 2.5 months to respond. Arendi has made the devices Dr. Levy tested available for inspection, and LG will be able to further probe Dr. Levy's opinions at his deposition. This factor also weighs against granting the motion to strike.

Trial will not be disrupted. A trial date has not been set, and at trial, the additional products will not significantly expand the scope of the trial because the infringement allegations are similar across devices. This factor also weighs against striking portions of Dr. Levy's report. *Cosmo Techs.*, 2017 WL 4063983, at *2 (denying motion to strike in part because "allowing the evidence to remain part of the case does not threaten the trial date").

Arendi did not act in bad faith. This factor weighs against granting the motion to strike. Arendi did not act in bad faith and did not flagrantly disregard a court order. *Cosmo Techs.*, 2017 WL 4063983, at *2 (denying motion to strike in part because "[t]here is no indication that Plaintiffs have acted willfully or flagrantly disregarded any Court order."); *TQ Delta*, 2019 WL 4346530, at *3 (same). Arendi did not agree to provide updated infringement contentions as part of the agreement on representative products nor was Arendi required to do so under a court order. LG condemns Arendi's position as "untenable," but in the related *Apple* and *Google* cases, Arendi agreed to provide limited supplemental contentions and did so.

LG argues that the Court's rules require contentions for any products Arendi intends to accuse of infringement. Arendi met is discovery obligations and provided such contentions, noting that the theories articulated in its charts applied to a broader set of products. LG cannot usurp the Court's role and unilaterally decide to ignore willfully Arendi's statements and limit the contentions to a single product. Likewise, LG has no authority to demand updated contentions in the absence of a court order simply because it disagrees with the form of Arendi's initial contentions. *See Personalweb Techs., LLC v. Google, Inc*., 2013 WL 12156505, at *2 (E.D. Tex. June 28, 2013) (rejecting defendant's attack because it "never moved to strike [plaintiff's] infringement contentions" or "moved to clarify them"). The Court should not condone LG's improper self-help tactics.

LG's argument that it warned Arendi about updating its contentions fails to account for LG's unexplained silence in the absence of updated contentions. Having gone through the process of selecting representative products and undergoing discovery on same, it was unreasonable for LG simply to declare "the matter closed." LG should have raised this issue sooner. *See Orion IP v. Staples, Inc*., 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions."); *BioCell Tech. LLC v. Arthro-7*, No. SACV-12-516-JVS, 2013 WL 12131282, at *10 n.14 (C.D. Cal. Apr. 16, 2013) (same, citing *Orion*, and noting that "both parties have a responsibility to make sure that they fully understand the nature of the opposing side's allegations"). LG's inaction likewise should not be condoned.

Because the *Pennypack* factors do not weigh in favor of striking the evidence, LG's motion should be denied.

Respectfully submitted,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (No. 5369)

Enclosures

cc:      Clerk of Court (*via* CM/ECF)
            All Counsel of Record (*via* CM/ECF)