IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L.,<br><br>         Plaintiff,<br><br>   v.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>         Defendants. | C.A. No. 12-1595-LPS |

**EMERGENCY MOTION FOR EXTENSION OF TIME**

Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG") seek immediate emergency relief to extend the due date for a portion of LG's expert rebuttal report on non-infringement, which is due on October 20, 2020. After meeting and conferring, Arendi refuses to extend the deadline.

By way of background, Arendi's Initial Expert Report was initially due on January 24, 2020. Approximately two and a half weeks before that deadline, Arendi asked for a 30-day extension, to which LG agreed. LG also agreed to Arendi's second request for extension of the re-scheduled February 25, 2020 deadline, this time for 60 days. When Arendi asked for a third extension of the re-scheduled April 24, 2020 deadline, again for 60 days, LG once again agreed. And, LG was agreeable to Arendi's fourth extension of the June 23, 2020 deadline—for another 45 days.

During fact discovery, which closed on October 30, 2019, Arendi charted a single representative product (which represents a subset of LG smart phones) in its Infringement Contentions. However, on August 7, 2020, Arendi finally served its Initial Expert Report, and that report included, for the first time, infringement contentions accusing five additional LG

representative products.  Arendi did not provide infringement contentions for those five products during fact discovery, <u>which had been closed for more than eight months</u>.  Less than four weeks later (on September 3, 2020), LG informed Arendi that LG "intend[ed] to move to exclude any reliance by Arendi on the belatedly disclosed infringement contentions."

After meeting and conferring with Arendi, LG filed a motion to strike Arendi's belated infringement contentions (the "Motion").  (D.I. 201-203.)  Briefing on the Motion has been completed, and the parties have requested a hearing on the Motion.  (D.I. 207.)

Because the Court has not decided the Motion, LG asked Arendi for an extension to file a supplemental rebuttal report regarding the five newly accused representative products until two months after the Court decides the Motion (should such report become necessary).  To be clear, LG did not and does not seek an extension to submit its expert rebuttal report for the Rebel 4, the only LG product for which Arendi has served claim charts.

During the parties' meet and confer, Arendi accused LG of delay and has claimed that any extension will prejudice them.  Arendi is wrong.  LG has not delayed and an extension of time for LG to submit its rebuttal expert report will not prejudice Arendi.  After digesting Arendi's voluminous expert report, LG notified Arendi that it would be moving to exclude Arendi's reliance on the late infringement contentions.  LG then timely-filed the Motion.

Arendi has been the beneficiary of four generous extensions by LG.  Its refusal to extend the courtesy of just one sixty-day extension, especially in light of its discovery violations, is not only unfair and self-serving, but it is extremely prejudicial to LG.  If Arendi had timely disclosed its allegations, LG could have investigated Arendi's claims and developed noninfringement positions during fact discovery before receiving the report.  As a matter of equity, LG should not be forced to respond to Arendi's new infringement contentions, introduced by way of expert

report eight-months after the close of fact discovery, until the Court rules on the Motion (and such ruling may moot the need for an extension).  Arendi will not be prejudiced by any extension because LG (if becomes necessary) will agree to a reasonable time for the submission of reply expert reports.  Importantly, no trial date has been set in this action.

For the foregoing reasons, LG respectfully requests that its Emergency Motion for Extension of Time be granted.


**CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify, pursuant to D. Del. LR 7.1.1, that a reasonable efforts have been made to reach agreement with opposing counsel on the matters set forth in the foregoing Motion, herein, and that agreement could not be reached.


*/s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)

Dated: October 15, 2020

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (#4515)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    Tel: (302) 652-5000
    janderson@fr.com

    Steven R. Katz
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA 02210
    Tel: (617) 542-5070
    katz@fr.com

*Attorneys for Defendants*
*LG Electronics, Inc., LG Electronics USA, Inc. and*
*LG Electronics Mobilecomm U.S.A., Inc.*

4